FILED _____ ENTERED
LOGGED _____ RECEIVED
cjf 2.25.20
FEB 25 2020
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Case 1:20-mj-00621-TMD   Document 1-1   Filed 02/25/20   Page 1 of 1   TMD

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Douglas Sarsfield, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) being duly sworn, state the following:

### PURPOSE OF THE AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant for Avery HAWKINS, for a violation of 18 U.S.C. § 922(g)(1) (Possession of a Firearm by a Prohibited Person).

2. The information contained in this affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of this investigation. Where the contents of documents, and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### AGENT BACKGROUND

3. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so since 2014. I am currently assigned to the Baltimore Field Division, Baltimore Group II, which investigates violations of federal firearms laws, violent crimes, and narcotics trafficking.

4. I have participated in investigations focusing on controlled dangerous substance (CDS) trafficking, gangs, and illegal firearms. I have conducted covert surveillance of suspected CDS traffickers, interviewed individuals involved in gangs and the CDS trafficking trade, participated in Title III wiretap investigations, participated in the execution of state and federal search and arrest warrants involving CDS traffickers and violent offenders, and participated in the

seizure of numerous firearms and CDS.

5. The information set forth in this affidavit derives from my personal knowledge and observations; discussions with other ATF agents and employees, other law enforcement officers, and witnesses; and my review of police reports and public records. Because I submit this affidavit for the limited purpose of establishing probable cause for a search warrant, I have not included every fact known to me concerning this investigation. Rather, I set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause.

## PROBABLE CAUSE

6. On September 26, 2019, an officer with the Baltimore Police Department (BPD) was engaged in routine, non-emergency business checks at a shopping center at the intersection of Frankford Avenue and Sinclair Lane in Baltimore, Maryland. At approximately 11:37 a.m., the officer observed Avery HAWKINS walking through the shopping center. When HAWKINS saw the officer, the officer observed a bulge in HAWKINS' right front pants pocket, which HAWKINS patted in a manner known as a "security check", an action consistent with a characteristic of an armed individual. HAWKINS then changed his direction of travel, walking away from the officer and south on Frankford Avenue. Suspecting HAWKINS to be armed, the officer entered his patrol vehicle and maintained visual contact with HAWKINS as HAWKINS walked to the intersection with Sinclair Lane, turned east on Sinclair Lane, and eventually re-entered the shopping center. During this time, the officer called for backup after identifying what was believed to be a bulge and outline consistent with a firearm.

7. After HAWKINS entered a "Beauty Supply" store in the shopping center, the officer parked his vehicle in the shopping center and entered the same store. The officer walked

2



toward HAWKINS, who was in the rear of the store, and asked to speak. When HAWKINS inquired what the officer wanted to talk about, the officer advised that he wanted to ensure HAWKINS did not have a firearm in his pants pocket. HAWKINS advised he did not, and the officer asked HAWKINS to lift his hands into the air. When he observed a second officer enter the store, HAWKINS attempted to run down an empty aisle toward the front door. The second officer unsuccessfully attempted to intercept HAWKINS, briefly impeding HAWKINS' attempt to leave the store. The officer who spoke to HAWKINS then apprehended HAWKINS as HAWKINS approached the front door to the store. After HAWKINS was restrained, an officer recovered a loaded firearm from HAWKINS' front right pants pocket.

8. The firearm recovered by the officer was identified as a Kahr PM9 9mm semi-automatic pistol, serial number 1C7946, containing seven rounds of live ammunition, including one "hollow point" bullet. The item was successfully test fired and, therefore, found operable.

9. A review of HAWKINS' criminal history revealed that Mr. HAWKINS was previously convicted in March 2010 of possession with the intent to distribute controlled dangerous substances in the State of Maryland. This offense was punishable by imprisonment for a term exceeding one year. Mr. HAWKINS received a sentence of five (5) years, the majority of which was suspended until he was found in violation of his probation later the same year.

10. Mr. HAWKINS also has a 2011 conviction in the United States District Court for the District of Maryland for possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g). For this federal conviction, Mr. HAWKINS received a forty-six (46) month sentence, and thus was aware that this conviction was for a crime punishable by more than one year imprisonment. Mr. HAWKINS' civil rights were not restored following those convictions.

11. Based on my training and experience and my review of reports prepared in

3

connection with this incident, I know that Kahr firearms are not manufactured in the State of Maryland and, therefore, that the firearm possessed by Mr. HAWKINS had traveled in interstate or foreign commerce prior to September 26, 2019.

## CONCLUSION

Based on the foregoing, I respectfully submit that there is probable cause to believe that **Avery HAWKINS**, having been convicted of a crime punishable by imprisonment for a term exceeding one year and being aware of such conviction, did knowingly and unlawfully possess a firearm, in violation of 18 U.S.C. § 922(g)(1).

_____
Douglas Sarsfield
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives


Sworn to before me this 25 day of February, 2020

_____
Honorable Thomas M. DiGirolamo
United States Magistrate Judge

4